**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| PAUL L. HAND, III,       | : |                                  |
|                          | : |                                  |
| Plaintiff,               | : | Civil Action No. 25-1756 (BRM)   |
|                          | : |                                  |
| v.                       | : | **MEMORANDUM AND ORDER**         |
|                          | : |                                  |
| STATE OF NEW JERSEY,     | : |                                  |
|                          | : |                                  |
| Defendant.               | : |                                  |

Before the Court is a Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 brought by Paul Hand ("Mr. Hand") as next friend of Paul L. Hand, III. (*See* ECF No. 1 at 3.) Mr. Hand has paid the $5.00 filing fee. The Petition is brought *pro se*, and the Court has an obligation to liberally construe *pro se* pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, this court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

While it is not clear from the face of the Petition, Paul L. Hand, III ("Petitioner") appears to be a New Jersey state court prisoner. (*See generally* ECF No. 1.) The Court is unable to discern if Petitioner has been convicted and is awaiting sentencing, or if he is has been sentenced in state court. On March 11, 2025, Mr. Hand filed the this Petition, seeking the "immediate release within 3 to 5 days" of Petitioner "[d]ue to judicial misconduct and indictment error." (*Id.* at 3.)

Mr. Hand seeks to file the Petition as a next friend on Petitioner's behalf. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Mr. Hand has not met the requirements for filing as a next friend. Mr. Hand has failed to provide any information regarding why Petitioner is unable to pursue a habeas petition on his own behalf. The Petition is devoid on any evidence showing Petitioner does not have access to the Court or is incompetent to file his own petition.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.' This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'"" *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). In other words, Petitioner can appear on his own behalf or with an attorney to represent him. "A non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128, n.2 (3d Cir. May 13, 2020).

As Mr. Hand has failed to meet the requirements of next friend, the Court must dismiss the Petition without prejudice to Petitioner's ability to file a new § 2241 petition seeking relief on his

own or with the assistance of counsel.[1] Alternatively, if Mr. Hand is able to establish the *Whitmore*

requirements, he may move to reopen this matter.

      Accordingly,

      **IT IS** on this 15th day of May 2025,

      **ORDERED** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1)

is **DISMISSED without prejudice**; it is further

      **ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order

upon Mr. Hand by regular mail at the address of record and shall **CLOSE** the file.

 

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court makes no findings regarding whether Petitioner can meet the requirements, including the exhaustion requirement, of § 2241.

3